IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ANTHONY SHELTON,

        Plaintiff,

v.                                                                                                                                                                           No. 1:19-cv-00742-KG-JHR

SWAIA,[1] and
CLINTON CORTEZ,

        Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 14, 2019 ("Application"). For the reasons stated below, the Court GRANTS the Application and DISMISSES this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] Plaintiff does not specifically identify "SWAIA" but he may be referring to the Southwestern Association of Indian Arts.

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $881.00 in disability payments; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $1,049.12; and (iv) Plaintiff has -$325.00 in a bank accounts and no cash. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income, and he is unemployed.

**The Complaint**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, Doc. 1, filed August 14, 2019 ("Complaint").[2] Plaintiff checked the box in the Complaint indicating that Defendant Coriz was "acting under color of state law." Complaint at 1. The only factual allegations in the Complaint state: "Clinton Coriz an employee of SWAIA violated the ADA act [sic] by refusing to

---

[2] Plaintiff did not sign the Complaint as required by Fed. R. Civ. P. 11(a). *See* Complaint at 5. Because the Court is dismissing this case, the Court will not require that Plaintiff sign the Complaint. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention").

let my service dog be with me. . . . Kenneth Lucero was with me when Clinton Coriz refused to let my service dog be with me." Complaint at 2-3. Plaintiff does not identify the location where Defendants refused to let Plaintiff's service dog accompany Plaintiff, or the owner/lessee/operator of that location. Plaintiff believes he is entitled to the following relief: "40,000.00 for mental stress and violation of my civil rights and my ADA rights." Complaint at 5.

> Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation." *Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship I,* 264 F.3d 999, 1001 (10th Cir.2001). "Discrimination under Title III specifically includes the failure to make reasonable modifications in policies, practices, or procedure to accommodate a disabled individual, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the services."

*Doe v. Oklahoma City Univ.*, 406 Fed.Appx. 248, 250 (10th Cir. 2010).

> In order to state a claim for a violation of Title III, which authorizes private actions only for injunctive relief, *not monetary damages*, a plaintiff must establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.

*Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94-94 (2d Cir. 2012) (citations omitted) (*emphasis added*).

The Complaint fails to state a claim under the ADA because: (i) Plaintiff has not alleged that he is disabled within the meaning of the ADA; (ii) Plaintiff has not alleged that Defendants own, lease, or operate the place of public accommodation where Defendants allegedly refused to let Plaintiff's service dog accompany Plaintiff; and (iii) Plaintiff seeks only monetary damages, not injunctive relief.

The Complaint also fails to state a claim under 42 U.S.C. § 1983. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person

3

acting under color of state law"). Although the Complaint makes the conclusory allegation that Defendant Coriz, an employee of Defendant SWAIA, was acting under color of state law, there are no factual allegations showing that Defendant Coriz or Defendant SWAIA are state actors. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court must dismiss this case because the Complaint fails to state a claim on which relief may be granted.

IT IS ORDERED that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 14, 2019, is GRANTED.

(ii) This case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE